J-S12024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RILEY G. DARLENE, | |
| Appellant | No. 983 EDA 2014 |

Appeal from the PCRA Order Entered February 26, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1301267-2006

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 30, 2015**

Appellant, Darlene G. Riley,[1] appeals from the order denying her petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.    The facts adduced at Appellant's bench trial are as follows:    On March 9, 2006, as a result of an investigation of suspected drug activity at Appellant's address, 1636 North 6th Street in Philadelphia, Pennsylvania, Officer Henry Giammarco of the Pennsylvania Office of Attorney General Bureau of Narcotics and Drug Control secured a search warrant for the premises.  N.T. (Trial), 12/4/09, at

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant has been identified intermittently throughout the adjudication of the criminal underlying case and the PCRA proceedings as "Riley Darlene" and/or "Darlene Riley aka Riley Darlene."  Appellant's correct name is Darlene Riley.

When executing the warrant the following day, the participating law enforcement officers encountered and arrested Appellant's son. *Id*. at 34. Appellant was not at home, but her son informed the officers that she was two blocks away at a school. *Id*. at 87. Some of the officers travelled to the school where they encountered Appellant. Agent James Avery testified that he approached Appellant in his SWAT uniform with a shotgun slung across his body, but not pointed at Appellant. *Id*. at 80. Agent Christina Staunton testified that she may have approached Appellant with a weapon drawn because Appellant was conversing with several people on a corner. *Id*. at 99. Rosita Young, a witness called by Appellant, testified that the officers approached with weapons drawn and pointed at Appellant. *Id*. at 135–136.

Agents Avery and Staunton testified differently concerning Appellant's arrest. Agent Avery recalled that Appellant was handcuffed and arrested in the school yard area, N.T. (Trial), 12/4/09, at 81; Agent Staunton recounted that Appellant was not handcuffed in the school yard and was not arrested until the officers brought her back to the premises being searched. *Id*. at 117–120. Agent Staunton further testified that once back at 1636 North 6th Street, she witnessed Appellant receive her *Miranda*[2] rights, sign a waiver of those rights, and sign a consent to search her vehicle. *Id*. at 101-102, 107–108.

---

[2] *Miranda v. Arizona*, 396 U.S. 868 (1969).

Inside the property, the executing officers discovered approximately 1400 pills and $309.00 in United States currency. N.T. (Trial), 12/4/09, at 34-35. Some of the pills were in bottles with Appellant's name on the label and some were found in bottles with obliterated labels. *Id*. at 43–44. The majority of the pills were in amber pill bottles and bags scattered on the first floor. *Id*. at 44–46. Documents verifying that Appellant lived in the house were also seized. *Id*. at 51. Additionally, the officers searching Appellant's vehicle recovered and searched Appellant's purse. The purse contained $1295.00 in United States currency, including a $100 pre-recorded bill that had been utilized during investigation of the drug activity at Appellant's house. *Id*. at 35.

After the search was completed, Agents Avery and Staunton transported Appellant to police headquarters. N.T. (Trial), 12/4/09, at 84, 106. Agent Staunton testified that Appellant was cooperative and admitted to selling pills because she "fell on hard times" and "knew she had done wrong." *Id*. at 107. Agent Staunton was present when Appellant gave a statement to Agent John Cohen confessing to selling pills for about five to six months, and witnessed her initialing each page of the statement. *Id*. at 109, 126.

On November 21, 2006, Appellant filed an omnibus pretrial motion requesting, *inter alia*, that her statement be suppressed. On July 9, 2009, a hearing was held on the motion before the Honorable Ramy Djerassi. Agent

Staunton testified that Appellant was not arrested at the school and that, when Appellant returned to 1636 North 6th Street, she consented to a search of her vehicle, was issued her *Miranda* warnings, and signed a waiver of her constitutional rights. N.T. (Suppression), 7/9/09, at 10–12; 15–16; 26. Agent Staunton also detailed that she was present when Appellant gave her statement to Agent Cohen and witnessed Appellant initial each page of the statement. *Id*. at 16–17.

Appellant also testified at the suppression hearing, offering a very different account of the events. In Appellant's version, Agent Staunton ran up to her in the school yard with a shotgun and held the gun to the base of her neck. N.T. (Suppression), 7/9/09, at 33. She was then restrained with two sets of handcuffs. *Id*. at 34. Appellant also claimed that she was rushed into signing the consent to search her vehicle and acknowledgement of her *Miranda* rights. She denied receiving an oral recitation of her *Miranda* rights or any explanation of the paperwork she signed. She also averred that she was not afforded an opportunity to read the documents. *Id*. at 35–36. Regarding the questioning at the police station, Appellant remembered being asked only four questions related to her health care provider and her prescribed medications. *Id*. at 38. Appellant claimed that she did not recognize the written statement that was recorded at the police station by Agent Cohen, nor did she admit to signing the statement. *Id*. at 39–40.

On cross examination, Appellant initially averred that, although her signature appeared on the bottom of the consent to search the vehicle, she did not sign the document. N.T. (Suppression), 7/9/09, at 43. However, Appellant recanted that statement when she was shown her certificate of bail and her signature on that document matched the signature on the consent. *Id*. at 44. She also reiterated her direct examination testimony that Agent Cohen only questioned her about her physician and denied admitting that she had done "a bad thing." *Id*. at 46–47.

At the conclusion of the hearing, Judge Djerassi denied the suppression motion, convinced that Appellant "lied to this Court." N.T. Suppression, 7/9/09, at 56. He further found that Appellant received her *Miranda* rights and that the statement she gave to Agent Cohen was knowing, intelligent, and voluntary. *Id*. at 57. Given Judge Djerassi's unfavorable assessment of Appellant's credibility, Appellant's counsel requested that the judge recuse himself from further proceedings involving Appellant. Judge Djerassi granted the motion. *Id*. at 58.

On December 4, 2009, Appellant waived her right to a jury trial and proceeded to a bench trial before the Honorable Glynnis Hill. At the conclusion of testimony and argument by counsel, the trial court found Appellant guilty of possession with intent to deliver controlled substances ("PWID"), possession of controlled substances, and criminal conspiracy. Appellant was sentenced to a five-to-ten-year term of incarceration.

Appellant appealed to this Court. Appellant's trial counsel, James Mugford, Esquire, filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal raising four issues. Trial counsel then withdrew, and the trial court appointed Jerome Brown, Esquire, as appellate counsel who filed an additional Pa.R.A.P. 1925(b) statement. The trial court addressed the substantive issues raised in both statements in its Pa.R.A.P. 1925(a) opinion, but, citing *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), declined to discuss those issues alleging ineffectiveness of counsel. Trial Court Opinion, 6/4/10, at 3 n.3. Concerning the merits of Appellant's claims, the trial court concluded that the suppression court did not err when it denied Appellant's motion to suppress because her written and oral statements were given voluntarily. The trial court also determined that the statements were not the fruit of an illegal arrest. Finally, the trial court considered and rejected Appellant's claims that the Commonwealth committed misconduct by presenting false police testimony concerning whether the agents approached Appellant with their weapons drawn, that her waiver trial colloquy was deficient, and that the verdict was against the sufficiency and weight of the evidence. *Id*. at 18.

In her appellate brief, Appellant restyled her argument about Agent Staunton's inconsistent testimony and Commonwealth misconduct as a

*Brady*[3] violation. Appellant also argued that her statement should have been suppressed on the alternate ground that it was not voluntary. *Commonwealth v. Riley*, 237 EDA 2010 (Pa. Super. filed June 24, 2011) (unpublished memorandum at 1–2). The Superior Court panel in the direct appeal agreed with the trial court that the claim of misconduct lacked merit and noted additionally that there was no legal basis supporting a *Brady* violation. *Riley*, slip op. at 3–4. The panel also observed that Appellant did not establish that Agent Staunton's credibility was determinative of Appellant's guilt or innocence. The panel reasoned that even if coercive tactics employed by the agents rendered Appellant's statement to the police involuntary, the other evidence offered at trial supported the guilty verdict. *Id*. at 6. Finally, the panel rejected Appellant's claim that her statement was not voluntary and affirmed on the basis of the trial court's opinion. *Id*. at 7.

On April 20, 2012, Appellant filed a timely PCRA petition alleging trial counsel's ineffectiveness. Appellant first claimed that counsel was ineffective for failing to move for a mistrial or to have the suppression hearing reopened when the trial testimony revealed that Appellant testified credibly at the suppression hearing regarding the circumstances of her apprehension. As part of this allegation of ineffectiveness, Appellant

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

contends that her arrest was illegal and that the Commonwealth's seizure of her vehicle and search of the purse discovered therein, as well as the taking of her statement, were illegal acts by the Commonwealth as they constituted fruit of the poisonous tree. Appellant also alleged that trial counsel was ineffective for failing to seek suppression of the evidence seized from the search of her vehicle, failing to present Rosita Young's testimony at the suppression hearing, and failing to request the trial court to revisit the issue of voluntariness under the Massachusetts rule.[4] Finally, Appellant re-asserted her claim that the Commonwealth committed misconduct by presenting false testimony about Appellant's arrest.

The Commonwealth filed a motion to dismiss on November 20, 2012. Appellant filed a response on September 13, 2013. On November 07, 2013, the Commonwealth filed a supplemental motion to dismiss. On January 16, 2014, the trial court, now sitting as the PCRA court, filed a Pa.R.Crim.P. 907 notice of intent to dismiss the petition. On January 29, 2014, Appellant filed

_____

[4] Pennsylvania has adopted the "Massachusetts" or "humane" rule with regard to determining the voluntariness of statements by an accused. **Commonwealth v. Baker**, 24 A.3d 1006, 1024 n.16 (Pa. Super. 2011) (quoting **Commonwealth v. Motley**, 372 A.2d 764, 768 (Pa. 1977)); Pa.R.Crim.P. 323(j) (renumbered Rule 581, effective April 1, 2001). This procedure allows a criminal defendant to attack the voluntariness of his confession both at a suppression hearing and at trial. **Motley**, 372 A.2d at 768. Thus, if the suppression court determines that a confession is voluntary, a defendant may challenge the voluntariness before the jury; if the jury determines that the confession was involuntary, it may ignore that evidence. **Commonwealth v. Myers**, 371 A.2d 1279 (Pa. 1977).

objections to the Rule 907 notice of dismissal contending that the PCRA court improperly analyzed the issue of the voluntariness of Appellant's statement as a Fifth Amendment issue. Appellant urged that because the question implicated the legality of her arrest, the PCRA court should have instead conducted a Fourth Amendment analysis. On February 26, 2014, the PCRA court dismissed Appellant's PCRA petition.

On March 21, 2014, Appellant filed a *pro se* notice of appeal from the order denying PCRA Relief. Attorney Brown was granted permission to withdraw, and Raymond Roberts, Esquire, was appointed to represent Appellant. The PCRA court did not order counsel to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On May 13, 2014, the PCRA court issued a Pa.R.A.P. 1925(a) opinion discussing its rationale for dismissing Appellant's petition. The PCRA court first concluded that three of Appellant's ineffectiveness claims, *i.e.*, counsel's failure to move for a mistrial or request that the suppression hearing be re-opened based upon Agent Staunton's alleged inconsistent testimony, counsel's failure to request suppression of Appellant's statements and physical evidence retrieved from her vehicle as fruit of the poisonous tree from an illegal arrest, and counsel's failure to argue that the Commonwealth committed misconduct by presenting false testimony, were previously litigated and could not be pled in a PCRA petition. PCRA Opinion, 5/13/14, at 7–9. The PCRA court further opined that, even if presented, Appellant's

motion for a mistrial would have been denied because "there is no indication that the testimony offered by the Commonwealth was false, or that any action by the Commonwealth rose to the level of a *Brady* violation. . . . As the Appellant failed to demonstrate she was unfairly prejudiced, there is little substance to her claims." *Id*. at 8–9.

Regarding the legality of Appellant's arrest, the PCRA court concluded this claim was previously litigated, denied by the trial court, and affirmed on appeal. The PCRA court then made the additional observation that it would have found Appellant guilty "even without [Appellant's] statement to police" and "even if one did not take into consideration items recovered from [] Appellant's car." PCRA Opinion, 5/13/14, at 10.

The PCRA court likewise ruled against Appellant's argument that counsel was ineffective for failing to call Rosita Young as a witness at the suppression hearing because she did not meet the requirements of the failure to call a witness test. PCRA Opinion, 5/13/14, at 11. Finally, the PCRA court determined that counsel was not ineffective for failing to request that the trial court revisit the voluntariness of Appellant's statement to the police, because the court considered the voluntariness of the statement at trial. *Id*. at 12. The PCRA court thus concluded that "all of the Appellant's underlying claims lack merit, and there was no reasonable probability that the outcome of the challenged proceeding would have been different." *Id*. at 13.

- 10 -

Appellant's newly appointed counsel filed an appellate brief, raising the following issues for review:

I. TRIAL COUNSEL WAS INEFFECTIVE IN THAT HE:

a. FAILED TO MOTION FOR A MISTRIAL AND FAILED TO HAVE THE SUPPRESSION HEARING REOPENED BASED ON THE INCONSISTENCIES OF AGENT STAUNTON'S TESTIMONY AND THE SUBSEQUE[]NT TESTIMONY OF AGENT AVERY.

b. FAILED TO SEEK TO SUPPRESS AND RAISE ON APPEAL THAT APPELLANT'S STATEMENTS AND PHYSICAL EVIDENCE SEIZED FROM HER VEHICLE WERE THE "FRUIT OF THE POISONOUS TREE" FROM AN ILLEGAL ARREST.

c. FAILED TO ARGUE THAT THE COMMONWEALTH COMMITTED MISCONDUCT BY PRESENTING FALSE TESTIMONY ABOUT MS. RILEY'S ARREST AND HIDING THIS BRADY MATERIAL AT THE SUPPRESSION HEARING.

d. FAILED TO PRESENT THE TESTIMONY OF ROSITA YOUNG AT THE SUPPRESSION HEARING.

e. FAILED TO SEEK TO HAVE THE COURT REVISIT THE ISSUE OF THE VOLUNTARINESS OF APPELLANT'S STATEMENT AT THE TIME OF TRIAL UNDER THE MASSACHUSETTS RULE.

2. APPELLATE COUNSEL AND PCRA COUNSEL WERE INEFFECTIVE IN FAILING TO RAISE THE SUFFICIENCY ISSUE WITH REGARD TO THE CONSPIRACY CHARGE AND

2b IN FAILING TO RAISE THE ISSUE OF MERGER WITH REGARD TO THE SUBSTANTIVE CHARGES OF PWID AND SIMPLE POSSESSION.

3. ALL COUNSEL WERE INEFFECTIVE IN FAILING TO RAISE AND PRESERVE AT ANY LEVEL INCLUDING COLLATERAL REVIEW THE FAILURE OF THE COURT TO FIND APPELLANT ELIGIBLE FOR THE RRRI ELIGIBILITY AND

     3b. THE UNCONSTITUTIONALITY OF PENNSYLVANIA'S MANDATORY MINIMUM SENTENCING SCHEME

     3c. AND THAT THE MANDATORY SHOULD NOT APPLY WHERE EACH SALE WAS A SEPARATE CRIMINAL ACT.

Appellant's Brief at 11 (*verbatim*).

"This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error." **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011).

Each of Appellant's claims contends that either her trial, appellate, and/or PCRA counsel were ineffective. To succeed on an ineffectiveness claim, a PCRA petitioner must satisfy the test set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984). Applying the **Strickland** test, an appellant must demonstrate by the preponderance of the evidence that: (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1117 (Pa. 2012) (citing **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987)).

We address first Appellant's five claims of ineffectiveness of trial counsel.[5] The PCRA court concluded that three of the allegations—trial counsel's failure to move for a mistrial or request that the suppression hearing be re-opened, counsel's failure to seek to suppress Appellant's statements and physical evidence retrieved from her vehicle as fruit of the poisonous tree from an illegal arrest, and counsel's failure to argue that the Commonwealth committed misconduct by presenting false testimony—were previously litigated and could not be re-litigated as ineffectiveness of counsel claims. It also concluded that the arguments did not have merit. PCRA Opinion, 5/13/14, at 13.

Initially, we take issue with the PCRA court's determination that these three allegations of ineffectiveness were previously litigated. The PCRA

_____

[5] Because the PCRA court did not order counsel to file a Pa.R.A.P. 1925(b) statement, it considered the issues on appeal as those enumerated in the PCRA petition filed by Attorney Brown. In the brief filed on appeal from the PCRA court's denial of Appellant's petition, Appellant's current appellate counsel, Attorney Roberts, raised the same allegations of trial counsel's ineffectiveness, along with a new assertion that trial counsel was ineffective for failing to raise the legality of Appellant's arrest on appeal. Our review of the proceedings reveals that while trial counsel, James Mugford, did not include the arrest issue in the 1925(b) statement he filed before he withdrew, appointed counsel for the direct appeal, Attorney Brown, raised the issue and the trial court addressed it. However, Attorney Brown did not identify the legality of Appellant's arrest as an issue for review in the brief presented to this Court on direct appeal. *See Commonwealth v. Riley*, 237 EDA 2010 (Pa. Super. filed June 24, 2011) (unpublished memorandum at 1–2) (identifying claims on review by reference to Appellant's brief). That oversight, though, implicates a question of appellate counsel's effectiveness, not trial counsel's. Attorney Roberts has not argued in this appeal that direct appeal counsel was ineffective in this regard.

statute provides that the petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated or waived. 42 Pa.C.S. § 9543 (a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue [.]" 42 Pa.C.S. § 9544(a)(2).

In **Commonwealth v. Collins**, 888 A.2d 564 (Pa. 2005), our Supreme Court examined the PCRA statute's preclusion of previously litigated issues and addressed whether "a claim of ineffectiveness is a discrete legal ground or merely an alternative theory in support of the same underlying issue that was raised on direct appeal." **Id**. at 570–573. The Supreme Court concluded that an ineffectiveness claim is distinct because it challenges "the adequacy of representation rather than the conviction of the defendant." **Id**. at 573. In so concluding, the **Collins** Court noted that "[u]ltimately, the claim may fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal, [even though] a Sixth Amendment claim raises a distinct issue for purposes of the PCRA and must be treated as such." **Id**.

The PCRA court's erroneous conclusion that these claims were previously litigated, however, does not require reversal because the PCRA court also addressed, to varying extents, the merits of these ineffectiveness allegations. As regards the assertions that trial counsel was ineffective

- 14 -

because he did not request that the suppression hearing be re-opened and did not argue that the Commonwealth committed misconduct (the **Brady** argument), the PCRA court determined that these arguments "lack merit because [Appellant] was not prejudiced by counsel's failure to raise these issues." PCRA Opinion, 5/13/14, at 7. Although conflated with its erroneous conclusion that these claims were "previously litigated," the PCRA court noted that it had earlier rejected Appellant's contention that Agent Staunton's suppression hearing testimony could be characterized as false and that a panel of this Court affirmed that conclusion based upon the trial court's reasoning. **Id**. at 8; **Riley**, slip op. at 3. The PCRA court also pointed out that this Court on direct appeal concluded that Appellant could not prove a **Brady** violation. PCRA Opinion, 5/13/14, at 7; **see Riley**, slip op. at 4 (Appellant knew at suppression hearing that Agent Staunton's recollection of initial confrontation varied from Appellant's version).

We construe the PCRA court's decision on the ineffectiveness related to trial counsel's failure to request to re-open the suppression hearing and to argue that the Commonwealth committed misconduct as a determination that Appellant failed to satisfy the prejudice prong of the ineffective counsel inquiry. In other words, Appellant could not demonstrate that there was a reasonable probability that, but for counsel's ineffectiveness, the outcome of the proceedings would have been different. **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010). Here, we agree with the trial court. Although

Appellant strenuously contends that Agent Staunton's testimony at the suppression hearing was inconsistent with the trial testimony to the point of fabrication, there is no indication that the Commonwealth offered false testimony. As observed by the trial court:

> [B]oth [Agent Avery and Agent Staunton] qualified their testimony by saying that they could not be sure of the exact circumstances of the arrest because three years had elapsed since the day of the incident. The officers testified from memory to the best of their ability. The only evidence contrary to the officers' is the testimony of the defense witness, Rosita Young. Young's arrest account contradicted that of the officers. This contradictory testimony alone does not indicate that the officers offered false testimony. The inconsistencies between the officers' account and Young's account were for the fact finder to consider. The fact-finder determines the weight to be afforded to testimony.
>
> The court believes the Commonwealth did not commit misconduct. The court has no reason to believe the Commonwealth's testimony was false. The officers testified from memory regarding events three years old. In addition, the court has no evidence that the Commonwealth presented witnesses they knew would lie under oath. Just because the Appellant offered a witness who testified differently from the Commonwealth's witnesses does not mean the Commonwealth was guilty of misconduct. Therefore, the Commonwealth did not commit misconduct and no error occurred.

Trial Court Opinion, 6/4/10, at 12–13. As noted, the direct appeal panel affirmed the trial court on this issue based upon the trial court's reasoning. *Riley*, slip op. at 3.

The *Riley* direct appeal panel also rejected Appellant's *Brady* argument:

> Riley asserts that the Commonwealth's misconduct constituted a violation of the United States Supreme Court's

holding in **Brady**. To establish a **Brady** violation, an appellant must prove three elements:

> [1] the evidence [at issue] was favorable to the accused, either because it is exculpatory or because it impeaches; [2] the evidence was suppressed by the prosecution, either willfully or inadvertently; and [3] prejudice ensued.

**Commonwealth v. Paddy**, 15 A.3d 431, 450 (Pa. 2011) (citation omitted). In addition,

> [t]here is no **Brady** violation when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from non-governmental sources.

**Commonwealth v. Dixon**, 997 A.2d 368, 376 (Pa. Super. 2010) (citation omitted). Finally, in order to be entitled to a new trial for failure to disclose evidence affecting a witness' credibility, the defendant must demonstrate that the reliability of the witness may well be determinative of his guilt or innocence. **Commonwealth v. Marinelli**, 810 A.2d 1257, 1274 (Pa. 2002).

In this case, Riley knew at the time of the suppression hearing that Agent Staunton's version of the agents' initial confrontation with Riley differed from Riley's version of the events.[4] Thus, on this basis, there is no **Brady** violation.

> [4] In its Opinion, the trial court acknowledged Agent Staunton's suppression hearing testimony that the agent "may have approached [Riley] with a weapon drawn because [Riley] was conversing with several people on a corner." Trial Court Opinion, 6/4/10, at 6. In addition, as noted by the trial court, Agent Staunton conceded that "she was not totally sure of a few details because of the amount of time that had passed between the arrest and the trial. The arrest occurred three years prior to trial. **Id**. at 6.

**Riley**, slip op. at 3–4.

The PCRA court's conclusion that Appellant could not demonstrate prejudice traceable to trial counsel's failure to request that the suppression hearing be re-opened or for failing to argue that a **Brady** violation occurred is supported by the record, as well as this Court's determination on direct appeal. There was no indication that the agents' somewhat different versions of events was occasioned by anything other than memory loss due to the passage of time. Without any evidence of impropriety, trial counsel cannot be faulted for failing to request that the suppression hearing be re-opened or for failing to argue that a **Brady** violation occurred, particularly when the trial court had made a credibility determination favoring the Commonwealth witnesses. Given this assessment, there is no reasonable probability that the outcome of the proceedings would have been different if the trial court had been presented with and addressed those particular arguments.

The PCRA court also concluded that Appellant was not prejudiced by trial counsel's failure to motion for a mistrial based on Agent Staunton's testimony. Noting that a mistrial is an "extreme remedy," the PCRA court explained:

> because there is no indication that the testimony offered by the Commonwealth was false, or that any action by the Commonwealth rose to the level of a *Brady* violation . . . [Appellant's] motion for a mistrial would have likely been denied by this court. As [Appellant] failed to demonstrate that she was unfairly prejudiced, there is little substance to her claims.

PCRA Opinion, 5/13/14, at 8.

Again, we agree with the PCRA court that Appellant has failed to demonstrate that she was prejudiced by trial counsel's failure to request a mistrial based upon the agents' testimonies. The PCRA court declared that it would likely have denied the motion for a mistrial; therefore, Appellant cannot demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different if trial counsel requested the mistrial.[6]

The PCRA court next examined whether trial counsel was ineffective when he failed to seek suppression of Appellant's statements and physical evidence seized from her vehicle as fruit of the poisonous tree from an illegal arrest. The PCRA court determined first that this claim was "disingenuous" because it was previously litigated, noting, "[Appellant] already argued on

_____

[6] Appellant presents a lengthy argument in her brief suggesting that Agent Avery's trial testimony also represents after-discovered evidence requiring analysis under 42 Pa.C.S. § 9543(a)(2)(vi) (PCRA petitioner must plead and prove by preponderance of evidence that exculpatory evidence unavailable at trial would change the outcome at trial if introduced). However, this claim was not raised in either the PCRA petition or enumerated in Appellant's brief as a question presented for review. Thus, we will not consider this a basis for PCRA relief on appeal. *See Commonwealth v. Roney*, 79 A.3d 595, 611 (Pa. 2013) (issues waived for failure to present them to PCRA court); *Wirth v. Commonwealth*, 95 A.3d 822, 858 (Pa. 2014) (quoting *Commonwealth v. Miller*, 424 A.2d 531, 533 (Pa. 1981)) (under clear language of Pa.R.A.P. 2116(a) no question will be considered unless included within statement of the issues)).

appeal that she was subject to an illegal arrest, and this court's explanation about the legality of [Appellant's] arrest was affirmed by the Superior Court. PCRA Opinion, 5/13/14, at 9 (footnote omitted). The PCRA court's determination in this regard is neither supported by evidence of record nor free of legal error.

We have already decided that the PCRA court erred when it described some of the allegations of trial counsel's ineffectiveness as previously litigated because a claim of deficient representation raises a distinct ground for relief and thus is not precluded by the PCRA's previous litigation restriction. *Sepulveda*, 55 A.3d at 1136. Additionally, the PCRA court's representation that the legality of Appellant's arrest was affirmed on appeal by this Court is inaccurate. Although the panel in the direct appeal affirmed the trial court in some aspects based upon that court's reasoning, the precise issue of the legality of Appellant's arrest was not a question presented on appeal. *See* n.5, *infra*.

The PCRA court, however, offered Appellant's failure to demonstrate prejudice as an alternative reason for dismissing this allegation of ineffectiveness:

> Assuming *arguendo* that [Appellant was] subjected to an illegal arrest, the court's suppression of [Appellant's] statement and items recovered from her vehicle would not have changed the outcome of her case. At [Appellant's] waiver trial, the court stated that the trial would have likely resulted in a guilty verdict even without [Appellant's] statement to police. Similarly, suppressing the items found in the Appellant's purse, which was located in her vehicle, would also not have changed the outcome

of this court's decision. For one thing, there was sufficient evidence in the record to support her conviction even if one did not take into consideration items recovered from [Appellant's] car. Since there is not a reasonable probability that the outcome of this proceeding would have been different, [Appellant's] claim fails to satisfy the prejudice prong of the effective assistance test.

PCRA Opinion, 5/13/14, at 10 (footnote and citation omitted).

We begin discussion of this issue by commenting that Appellant's assertion that she was illegally arrested and that her subsequent consent to search her vehicle and her confession were poisonous fruit of this illegal arrest has arguable merit. Although the trial court credited Agent Avery's testimony that Appellant was arrested a "couple of blocks away" from her house, and mentioned that that police had a warrant to search Appellant's house, it concluded that "[t]he Police had probable cause to arrest [Appellant] because they uncovered illegal prescription pills while executing a search warrant on her house." Trial Court Opinion, 6/4/10, at 5, 11.

The trial court's conclusion regarding the probable cause for the arrest is unsupportable. Obviously, the contraband uncovered from the search of the house could not justify Appellant's arrest by agents away from the house who had no knowledge what execution of the search warrant had uncovered. Thus, the legality of Appellant's arrest was certainly questionable particularly in light of recent United States Supreme Court jurisprudence. *See Bailey v. United States,* 133 S.Ct. 1031, 1041 (2013) (Supreme Court explicitly limited the rule established in *Michigan v. Summers,* 452 U.S. 692 (1981),

- 21 -

by concluding that "[t]he categorical authority to detain incident to the execution of a search warrant must be limited to the immediate vicinity of the premises to be searched.").

What remains to be decided is whether the PCRA court correctly concluded that Appellant was not prejudiced by trial counsel's failure to argue for suppression of her statement and the physical evidence seized from her vehicle because it would have found her guilty even without this evidence. After careful consideration, we agree that Appellant cannot demonstrate that the outcome of the trial would have been different without this allegedly tainted evidence. Certainly, the Commonwealth's case benefitted from Appellant's confession that she knew that she had done wrong and the discovery of pre-recorded currency in Appellant's purse. However, the PCRA court informed that neither Appellant's statement nor the evidence recovered from the vehicle was essential to the trial court's determination of guilt. PCRA Opinion, 5/13/14, at 10.

Additionally, although not in the context of the legality of the arrest, the direct appeal *Riley* panel likewise concluded that Appellant's statement to the police was not determinative of her guilt or innocence:

> At trial, the Commonwealth presented evidence that the agents conducted surveillance of [Appellant's] residence, and that a confidential informant had engaged in controlled purchases of Zanax pills at the residence. The day after a controlled purchase of narcotics, agents executed a search warrant at [Appellant's] residence. . . . As a result of the execution of the search warrant, agents recovered, *inter alia*, 573 Endocet, 539 Vicodin, 173 Darvocet, 60 Zanax and 40

Oxycontin pills, as well as $309 in U.S. currency and documents in the name of [Appellant and Appellant's son]. The majority of the pills were discovered next to a Lazy-Boy chair on the first floor. Agents found mail/bills at the residence. Agents also discovered that [Appellant's] driver's license and voter registration listed the residence at her address. Thus, the Commonwealth presented extensive evidence against [Appellant], independent of her statement.

*Riley*, slip op. at 4–5. Thus, the determination of the PCRA court that the outcome of the trial would not have been different is supported by evidence of record and is free of legal error.

Appellant's fourth allegation of deficient representation involves trial counsel's failure to call Rosita Young as a witness at the suppression hearing. In order to prevail on a claim that counsel was ineffective for failing to call a witness, a PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) trial counsel knew or should have known of the existence of the witness; (4) the witness would cooperate and testify on the petitioner's behalf; and (5) that the absence of the witness's testimony prejudiced the petitioner. *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (citation omitted).

On this issue, the PCRA court determined that:

Appellant has failed to meet her burden. In fact, she has not remotely met the four-part test. Neither can she show the proposed testimony was necessary. It is unlikely Ms. Young's testimony would have changed the result of the Suppression Hearing because Judge Djerassi's Suppression decision was largely based on the Appellant's lack of credibility. Consequently, the Appellant has failed to demonstrate that prejudice was dispositive.

PCRA Opinion, 5/13/14, at 11 (footnote omitted).

We agree with the PCRA court that Appellant has failed to meet the prerequisites for asserting an ineffectiveness claim based upon counsel's failure to call a witness. Appellant's PCRA petition avers only that Ms. Young would have testified at the suppression hearing that the agents approached Appellant with guns drawn and that this testimony would have lent credibility to Appellant's testimony which was not believed by the suppression court. Appellant advances a similar argument on appeal and asserts additionally that Ms. Young's testimony would have been relevant to the voluntariness of Appellant's actions. However, there is no submission that trial counsel knew about Ms. Young at the time of the suppression hearing and was aware of her availability or the substance of what would be her testimony. Thus, Appellant has failed to demonstrate that trial counsel was ineffective for failing to have Ms. Young testify at the suppression hearing. *See Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002) (undeveloped claims of ineffectiveness do not entitle a petitioner to relief).

Appellant's last claim of trial counsel's ineffectiveness concerns trial counsel's failure to ask the court to revisit the issue of the voluntariness of her statement to police under the Massachusetts rule, a procedure permitting a criminal defendant to challenge the voluntariness of his confession both at a suppression hearing and at trial. *Commonwealth v. Motley*, 372 A.2d 764, 768 (Pa. 1977); *see* note 4, *infra*.

The PCRA court dismissed this claim of ineffectiveness reasoning that:

[I]t is a stretch for the Appellant to suggest that trial counsel was ineffective when he did not challenge the voluntariness of the Appellant's statement. During the Appellant's **waiver** trial, this court considered the voluntariness of her statement to police. However, the court believed her statement was voluntary. Trial counsel's failure to specifically re-raise the voluntariness issue did not prejudice the Appellant. This court would have likely found the Appellant guilty based on the evidence presented by the Commonwealth, apart from the voluntariness of her statement.

PCRA Opinion, 5/13/14/ at 12 (footnotes omitted) (emphasis in original).

The PCRA court correctly determined that Appellant was not prejudiced by counsel's failure to request the trial court to reconsider the voluntariness of her statement because the fact-finder announced that it would have found Appellant guilty even if her statement was excluded from evidence.

Appellant's remaining arguments—that appellate counsel and PCRA counsel were ineffective for failing to raise a sufficiency of the evidence challenge, and an issue of merger of the offenses, and all counsels' ineffectiveness for failing to raise and preserve issues concerning Appellant's sentencing—are waived because they were not included in her PCRA petition. **See Commonwealth v. Reid**, 99 A.3d 470, 494 (Pa. 2014) (claims not raised in PCRA petition cannot be raised for the first time on appeal). Appellant attempts to avoid waiver by asserting that she is permitted to raise new grounds for appeal in her brief because the PCRA court did not order her to file a Pa.R.A.P. 1925(b) statement. However, the

- 25 -

PCRA court's discretionary decision in this regard cannot defeat waiver. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (regardless of reasons for Appellant's belated raising of issue, claim not raised in PCRA petition is indisputably waived). [7]

For these reasons, the PCRA court's order denying collateral relief is affirmed. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2015

_____

[7] Additionally, PCRA counsel's ineffectiveness cannot be raised on appeal from denial of PCRA relief. *See Commonwealth v. Ford,* 44 A.3d 1190, 1201–1202 (Pa. Super. 2012) (collecting cases and clarifying that all claims of PCRA counsel's ineffectiveness may not be raised for first time on appeal).